IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARA DEEANN MCDONALD, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:16-CV-1527-BF |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration. ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Cara Deeann McDonald ("Plaintiff") brings this action for judicial review of the Acting Commissioner of the Social Security Administration's ("Commissioner") final decision denying her claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act, pursuant to 42 U.S.C. § 405(g). For the following reasons, the final decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff alleges that she is disabled due to a variety of ailments, including depression and back pain. Tr. 96, ECF No. 13-2. After her application was denied initially and upon reconsideration, a hearing was held on February 21, 2014, in Dallas, Texas, before Administrative Law Judge Gilbert Rodriguez (the "ALJ"). Tr. 200, ECF No. 13-3. Plaintiff was born on December 30, 1976 and was 37 years at the time of the hearing. Tr. 201, ECF No. 13-4. Plaintiff attended high school through the 10th grade. Tr. 202, ECF No. 13-4. Plaintiff has past work experience as an automobile inspector, a car seat instructor, and a school bus monitor. Tr. 231, ECF No. 13-4. Plaintiff has not engaged in substantial gainful activity since November 23, 2011. Tr. 15, ECF No. 13-2.

On May 20, 2015, the ALJ issued his decision finding that Plaintiff has not been under a disability within the meaning of the Social Security Act since February 1, 2012, the date Plaintiff's

application was filed. Tr. 30, ECF No. 13-2. The ALJ determined that Plaintiff had the following severe impairments: disorders of the back, and depressive and anxiety disorder. Tr. 15, ECF No. 13-2. The ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 16, ECF No. 13-2. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform at least light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b). Tr. 19, ECF No. 13-2. The ALJ determined that Plaintiff: (1) could sit, stand, and/or walk for approximately six hours in an eight hour workday; (2) was not limited in pushing and/or pulling with her upper or lower extremities; (3) could frequently balance, kneel, and crawl; (4) could occasionally crouch, stoop, and climb ramps and stairs; (5) should not climb any ropes, ladders, or scaffolds; (6) has no manipulative, visual, communicative, or environmental limitations; (7) has the ability to learn, remember, understand, and carry out at least detailed work instructions and tasks; (8) could use judgment in making work related decisions; (9) could respond and relate appropriately with supervisors and co-workers; (10) could maintain attention and concentration for at least two hour intervals; and (11) could adapt to and deal with changes in work settings and environments. Tr. 19, ECF No. 13-2. The ALJ determined that Plaintiff was unable to perform any of her past relevant work, but that Plaintiff could work as a packer, an assembler, and a wire sorter. Tr. 28 & 30, ECF No. 13-2.

Plaintiff appealed the ALJ's decision to the Appeals Council and on October 8, 2015, the Appeals Council affirmed the ALJ's decision. Tr. 6, ECF No. 13-2. Plaintiff filed this action in the District Court on June 8, 2016. Compl., ECF No. 1.

# LEGAL STANDARDS

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
(2) an individual who does not have a "severe impairment" will not be found to be disabled;
(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of

proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, No. 4:12-CV-878-A, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, No. 4:08-CV-503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also*

*Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## ANALYSIS

Plaintiff argues that the ALJ failed to properly consider her subjective complaints and committed legal error by relying on rescinded case law in finding that Plaintiff was not fully credible. Pl.'s Br. 4, ECF No. 23. Plaintiff argues that the ALJ's reliance on SSR 96-7p in finding Plaintiff's allegations to not be fully credible was legal error, because SSR 96-7p was superseded by SSR 16-3p on March 16, 2016, and the ALJ's decision was issued in September 2016. Pl.'s Br. 4, ECF No. 23. Plaintiff argues that if the ALJ did not apply an outdated Social Security Ruling in finding Plaintiff's testimony not entirely credible, the outcome of her case would likely have changed. Pl.'s Br. 5, ECF No. 23.

Plaintiff also argues that the ALJ's RFC finding is not supported by substantial evidence, because although the regulations define a claimant's RFC as the "most [she] can do despite [her] impairments," the ALJ limited Plaintiff's mental RFC only by Plaintiff's ability to learn, remember, understand, and carry out "at least" detailed work instructions and tasks. Pl.'s Br. 6, ECF No. 23 (citing Tr. 19, ECF No. 13-2; 20 C.F.R. § 404.1545(a)). Plaintiff further argues that the ALJ's mental RFC finding is flawed, because it is based on the ALJ's finding that Plaintiff has a "mild" limitation

in social functioning. Pl.'s Br. 6, ECF No. 23. In addition, Plaintiff argues that the ALJ's RFC finding failed to discuss Plaintiff's ability to work with the general public. Pl.'s Br. 6, ECF No. 23. Moreover, Plaintiff argues that the ALJ's finding that Plaintiff is able to work with co-workers and supervisors without limitations is not supported by the record. Pl.'s Br. 6, ECF No. 23.

The Commissioner argues in her response that, while Plaintiff argues that the ALJ relied on an outdated legal standard in finding that Plaintiff lacked credibility, Plaintiff is mistaken because the ALJ's decision was issued on May 20, 2015, and therefore, SSR 16-3p, which became effective in March 2016 did not apply. Def.'s Br. 5, ECF No. 24. The Commissioner also argues that even if SSR 16-3p had applied, the mere use of the word "credibility" does not constitute an error, especially where the ALJ used the term to reference the inconsistencies between Plaintiff's subjective complaints and the objective evidence. Def.'s Br. 5-6, ECF No. 24 (citing Tr. 24-28; ECF No. 13-2). The Commissioner argues that the ALJ detailed the evidence in the record that was contrary to Plaintiff's subjective complaints and he did not make his determination based on an unsupported assessment of Plaintiff's truthfulness. Def.'s Br. 6, ECF No. 24. The Commissioner argues that Plaintiff's complaints of pain must be substantiated by objective factors, and Plaintiff testified that since her alleged onset date, she has not had any surgeries, operations, physical therapy, rehabilitation treatments, or any overnight hospitalizations. Def.'s Br. 7, ECF No. 24. The Commissioner points out that, despite Plaintiff's reports of disabling conditions related to her social phobia, anhedonia, and crying spells, Plaintiff never sought any treatment, including medication and mental health services. Def.'s Br. 7, ECF No. 24 (citing Tr. 23, ECF No. 13-2).

The Commissioner also argues that Plaintiff's argument that the ALJ committed error by limiting Plaintiff's mental RFC to Plaintiff's ability to learn, remember, understand, and carry out

6

"at least" detailed work instructions and tasks, because the regulations define RFC as "the most" a claimant can do also lacks merit, because the ALJ's word usage is a matter of semantics. Def.'s Br. 7-8, ECF No. 24. The Commissioner contends that the ALJ later explained in his analysis that he found Plaintiff to be "able to understand, carry out and remember detailed, but not complex tasks and instructions, use appropriate judgment in the work place, and frequently adapt[] to changes in the work environment." Def.'s Br. 8, ECF No. 24 (citing Tr. 24, ECF No. 13-2). Therefore, the Commissioner argues that any error in word choice was harmless. Def.'s Br. 8, ECF No. 24. The Commissioner also argues that Plaintiff failed to point to any objective medical evidence that supports her assertion that the ALJ should have considered her to be moderately limited in social functioning, in line with the state agency examiner who reviewed Plaintiff's records. Def.'s Br. 9, ECF No. 24. The Commissioner points out that the state agency psychologist found that Plaintiff could understand, remember, and carry out complex instructions, make decisions, attend and concentrate for extended periods, accept instructions, and respond appropriately to changes in routine settings. Def.'s Br. 9, ECF No. 24 (citing Tr. 21, ECF No. 13-2; Tr. 172-74, ECF No. 13-3).

As previously discussed, the Court's task here is to scrutinize the record as a whole to determine whether substantial evidence is present, and the "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany*, 2014 WL 1255316, at *9; *Greenspan*, 38 F.3d at 236. Furthermore, "[p]rocedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision,'" and "[r]emand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Wilder*, 2014

WL 2931884, at *5 (quoting *Morris*, 864 F.2d at 335; citing *January*, 400 F. App'x at 933). As the Commissioner points out, Plaintiff's argument as to SSR 16-3p lacks merit, because the ALJ issued his decision on May 20, 2015. With respect to Plaintiff's argument regarding the ALJ's use of "at least," rather than "the most," the Court agrees with the Commissioner that the distinction is a matter of semantics that would not alter the result. Upon careful consideration of these and the other arguments raised by the parties, the record, and the applicable law, the Court concludes that there is not a realistic possibility that the ALJ would have reached a different conclusion, and that substantial evidence supports the ALJ's decision.

## **CONCLUSION**

For the foregoing reasons, the final decision of the Commissioner is AFFIRMED.

SO ORDERED, this 15 day of September, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE